1

2

3

4

5

6

7

8                                  UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STATE OF CALIFORNIA,                      No. 2:23–CV–0031 TLN KJN PS

12                  Plaintiff,                  FINDINGS AND RECOMMENDATIONS TO
                                                DISMISS FOR LACK OF
13           v.                                 SUBJECT MATTER JURISDICTION AND
                                                ORDER
14   $112,576 UNITED STATES
     CURRENCY,
15
                    Defendant.
16

17

18          In November of 2021, the State of California filed a civil asset forfeiture action in Yuba

19   Superior Court.  On January 9, 2023, Marc Boiteau, who is proceeding without counsel, removed

20   the forfeiture action to this court, asserting claimant status and referencing 28 U.S.C. §§ 1333

21   (admiralty jurisdiction) and 1335 (interpleader jurisdiction).[1]  (ECF No. 1.)

22          The undersigned finds finds that this court lacks federal subject matter jurisdiction over

23   the action, and so recommends the case be remanded.  See United Investors Life Ins. Co. v.

24   Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (noting the federal court's independent

25   duty to ensure it has subject matter jurisdiction in the case); 28 U.S.C. § 1447(b).

26   ───────────────────────
     [1] Actions where a party proceeds without counsel are referred to a magistrate judge pursuant to
27   E.D. Cal. L.R. 302(c)(21).  See 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72.  Resolution of
     dispositive matters by a magistrate judge are to be filed as findings and recommendations.  See
28   Local Rule 304.

                                                    1

1 **Legal Standards**

2       The court must dismiss a case if, at any time, it determines that it lacks subject matter

3 jurisdiction. Fed. R. Civ. P. 12(h)(3).  A federal district court generally has jurisdiction over a

4 civil action when: (1) a federal question is presented in an action "arising under the Constitution,

5 laws, or treaties of the United States" or (2) there is complete diversity of citizenship and the

6 amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).  However, federal

7 courts also have jurisdiction over actions arising under admiralty jurisdiction, as well as

8 interpleader actions where "[t]wo or more adverse claimants [are] of diverse citizenship" pursuant

9 to Section 1332.  See 28 U.S.C. §§ 1333, 1335.

10       Federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial,

11 implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit

12 as not to involve a federal controversy."  Steel Co. v. Citizens for a Better Environment, 523 U.S.

13 83, 89 (1998); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction

14 over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit");

15 see also Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549-50 (9th Cir. 2018)

16 (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates

17 under Rule 12(b)(1) for lack of federal question jurisdiction).  A claim is legally frivolous when it

18 lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  A

19 court may dismiss a claim as legally frivolous where it is based on an indisputably meritless legal

20 theory or where the factual contentions are clearly baseless.  Id. at 327; Rule 12(h)(3).

21 **Analysis**

22       Here, the State of California filed an asset forfeiture action under California law.  (ECF

23 No. 1.)  Thus, on the face of the complaint, there is no federal question jurisdiction.  Further, a

24 review of Boiteau's documents indicate he is a resident of California and there are no other

25 claimants (aside from the state itself), so no diversity jurisdiction exists.  Thus, there is no federal

26 jurisdiction based on the interpleader statute, Boiteau's citations aside.  Further, Boiteau's

27 citations to the admiralty jurisdiction statute are legally frivolous, as he appears to simply be

28 coupling these citations with the numerous documents referencing himself as trustee for himself.

1  See, e.g., United States v. Ward, 182 F.3d 930 (9th Cir. 1999) (noting that contentions based on

2  sovereign citizen arguments are "frivolous" and that "courts ordinarily reject similar contentions

3  without extended argument").

4          Therefore, the court recommends that the action be remanded to state court for lack of

5  subject matter jurisdiction.  28 U.S.C. § 1447(b) ("If at any time before final judgment it appears

6  that the district court lacks subject matter jurisdiction, the case shall be remanded.")

7                                    **RECOMMENDATIONS**

8          Accordingly, IT IS HEREBY RECOMMENDED that:

9          1.  The action be REMANDED to state court for lack of subject matter jurisdiction; and

10         2.  The Clerk of Court be directed to CLOSE this case.

11  These findings and recommendations are submitted to the United States District Judge assigned to

12  the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after

13  being served with these findings and recommendations, plaintiff may file written objections with

14  the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  Plaintiff is advised that failure to file objections within the specified time

16  may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455

17  (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

18                                         **ORDER**

19         In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading,

20  discovery, and motion practice in this action are stayed pending resolution of these findings and

21  recommendations.  Other than objections to the findings and recommendations or non-frivolous

22  motions for emergency relief, the court will not entertain or respond to any pleadings or motions

23  until the findings and recommendations are resolved.

24  Dated:  March 8, 2023

25

26                                                          _____
                                                            KENDALL J. NEWMAN
27                                                          UNITED STATES MAGISTRATE JUDGE

28  cali.31

                                                   3